Case No. 13-1274

IN THE

UNITED STATES COURT OF APPEALS

FOR THE EIGHTH CIRCUIT

_____

United States of America,

Plaintiff-Appellee,

v.

Antonio Frausto,

Defendant-Appellant.

_____

Appellant's Reply Brief

_____

Appeal from the United States District Court

For the District of Nebraska - Omaha

No. 8:11-CV-00443-JFB

Honorable Joseph F. Bataillon Presiding

_____

Curtis L. Blood
Blood Law Office
1602 Vandalia Street
Collinsville Illinois 62234-4459
(618) 345-4400

1

# Table of Contents

Table of Contents………………………………………………………………..2

Table of Authorities…………………………………………………………...3

Argument……………………………………………………………………...4

Conclusion………………………………………………………………….....9

Certificate of Compliance……………………………………………………10

Certificate of Service………………………………………………………...11

# Table of Authorities

**Cases**

*Deltoro-Aguilera v. United States*, 625 F.3d 434 (8th Cir. 2010)…………………..7

*Engelen v. United States*, 68 F.3d 238 (8th Cir, 1995)………………………………...8

*Hill v. Lockhart*, 474 U.S. 52 (1985)…………………………………………….5, 6

*Holloway v. United States,* 960 F.2d 1348 (8th Cir.1992)………………………….8

*Purkey v. United States*, 2013 WL 4766845 (8th Cir. Sept. 6, 2013)……………….8

*Rodela-Aguilar v. United States*, 596 F.3d 457 (8th Cir. 2010)…………………….4

*Strickland v. Washington*, 466 U.S. 668 (1984)……………………………………5

*United States v. Dubray,* 727 F.2d 771 (8th Cir.1984)……………………………..8

*Wilcox v. Hopkins*, 249 F.3d 720 (8th Cir. 2001), *cert*. denied, 534 U.S. 1139 (2002)…………………………………………………………………………..5, 6

*Winters v. United States*, 716 F.3d 1098 (8th Cir. 2013)………………………….5, 6

**Statute**

28 U.S.C. §2255……………………………………………………………4, 6, 7, 8

# Argument

**Introduction.**

The question whether Mr. Frausto should receive relief under 28 U.S.C. §2255 is not before this Court. The question before this Court is whether Mr. Frausto is entitled to an evidentiary hearing on his motion.

Appellant's separate Appendix is cited in this brief as "App." The sentencing transcripts are cited as "Tr."

**1. Mr. Frausto is entitled to a hearing on his claim that his attorney did not tell him that an expert using voice spectrography could prove that the voice on recordings was not Mr. Frausto's.**

The government raises an interesting question: How can Mr. Frausto claim that his attorney didn't tell him that the voice in the recordings could have been expertly analyzed using voice spectrography, when Mr. Frausto has not produced the results of voice spectrography?

The answer is that Mr. Frausto does not claim that his attorney was ineffective for failing to *obtain* expert analysis and voice spectrography. Mr. Frausto's failure to obtain expert analysis and voice spectrography would defeat that claim. *Rodela-Aguilar v. United States*, 596 F.3d 457, 462 (8th Cir. 2010). Instead, Mr. Frausto claims that his attorney failed to *advise* him that voice spectrography was available (App. 6, 16-17). Failure to *obtain* voice spectrography is irrelevant to that claim.

4

This Court must assume for purposes of this appeal that Mr. Frausto's claim, that his attorney failed to advise Mr. Frausto that expert analysis using voice spectrography could be done, is true. *Winters v. United States*, 716 F.3d 1098 (8th Cir. 2013).

And the Court need not consider whether Mr. Frausto could have convinced a trier of fact that the voice on the recording was not his; the question is whether there is a reasonable probability that Mr. Frausto would have pleaded not guilty had his attorney told him that expert analysis was available. If so, Mr. Frausto satisfies the prejudice prong required to establish ineffective assistance under *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Wilcox v. Hopkins*, 249 F.3d 720 (8th Cir. 2001), *cert*. denied, 534 U.S. 1139 (2002).

Mr. Frausto's claim implies that the voice in the recordings was not his, and that, had he known that expert analysis was available, he would have pleaded not guilty and instructed his trial counsel to obtain an expert analysis. The question on appeal boils down to what Mr. Frausto probably would do if fully advised. It is reasonably probable that he would not have pleaded guilty if he was advised about expert voice identification using voice spectrography, because it could have exonerated him.

5

**2. Mr. Frausto is entitled to a hearing on his claim that his attorney did not tell him that the government knew that the Ford Focus drug car was legally titled to an absent third party.**

The government argues that the drug car was not even part of the factual basis for the plea. Mr. Frausto claimed that his trial attorney advised him that a jury would believe that he owned a Ford Focus, used by Rigoberto, that had a concealed compartment for hiding drugs (App. 11). The evidence at sentencing touched on the Focus several times (Tr. 45-46, 111-13, 123, 126).

The district court stated that establishing the ownership of the drug car "would not have changed the outcome" (App. 84) That statement shows that the district court misunderstood the issue. The issue was whether, assuming Mr. Frausto's claim about the advice he received was true (*Winters*), there was a reasonable probability that Mr. Frausto would not have pleaded guilty and would have insisted on going to trial. *Hill*; *Wilcox.*

**3. Mr. Frausto is entitled to a hearing on his claim that his attorney inaccurately told him that his nephew could not testify for him at his trial.**

Mr. Frausto's third §2255 claim is that counsel advised Mr. Frausto that his nephew could not testify for him at trial. Stripped to its essence, the government's argument is that Mr. Frausto is not entitled to a hearing on that claim because at

6

Mr. Frausto's sentencing his nephew (Rigoberto) identified the voice on recordings as Mr. Frausto's. Again, Rigoberto did not testify that he overheard those conversations. Rigoberto merely provided his *lay* opinion that the voice was his uncle's. Rigoberto is no expert.

In all other respects, Rigoberto's testimony at Mr. Frausto's sentencing exonerated Mr. Frausto (Tr. 191, 193, 207). Again, Mr. Frausto claims that the voice on the recordings was not his and that expert analysis would have proved that. The claim that counsel said Rigoberto could not testify at trial fits well with Mr. Frausto's claim that counsel failed to advise him about the availability of expert and spectrographic voice identification.

## 4. Government's "Big 3" cases distinguished.

The government discusses three 28 U.S.C. §2255 cases. None of them is a guilty-plea case. None of them involves a claim that the defendant pleaded guilty because of wrong advice or lack of advice. None of them has more than general application to this case:

*Deltoro-Aguilera v. United States*, 625 F.3d 434 (8th Cir. 2010): Deltoro-Aguilera claimed that had trial counsel advised him of the availability of the safety valve, he would have provided the government with truthful information. This

7

Court held that such a claim was a conclusion, not fact that must be accepted as true. Obviously Mr. Frausto's claims are specific.

*Engelen v. United States*, 68 F.3d 238 (8th Cir, 1995): Engelen maintained innocence at trial. This Court affirmed dismissal of the 28 U.S.C. §2255 motion without a hearing because Engelen did not assert that he would have pleaded guilty had counsel properly explained the risks of trial. Mr. Frausto has thoroughly claimed that he would not have pleaded guilty if properly advised as to three specific points.

And in *Purkey v. United States*, 2013 WL 4766845 (8th Cir. Sept. 6, 2013), Purkey claimed counsel was ineffective for failing to adequately investigate and present mitigating evidence at the penalty phase of trial. Mr. Frausto's is an advice case which is different because only defendant and counsel know what was said.

**5. Summary.**

The record does not answer the critical questions as to how defendant was advised by trial counsel. Mr. Frausto's claims are specific and reasonable.

This Court has observed that a hearing is required where the record is inconclusive in an ineffective-assistance case. *Holloway v. United States,* 960 F.2d 1348, 1357 (8th Cir.1992); *United States v. Dubray,* 727 F.2d 771, 772 (8th Cir.1984) (direct appeal). This Court should reverse and remand for a hearing.

# Conclusion

For the reasons stated, appellant prays the Court reverse the judgment of the district court and remand with instructions to conduct an evidentiary hearing regarding appellant's section-2255 claims regarding ineffective assistance of trial counsel.

Respectfully submitted,
s/Curtis L. Blood
Curtis L. Blood
1602 Vandalia Street
Collinsville Illinois 62234-4459
618-345-4400
bloodlawoffice@yahoo.com

# Certificate of Compliance

1. This brief contains 1,201 words, excluding the parts of the brief exempted by Fed.R. App.P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of F.R.App.P. 32(a)(5) and the type style requirements of F.R.App.P. 32(a)(6) because this brief had been prepared in a proportionally spaced typeface using Microsoft Word 2007 in 14-point Times New Roman.

# Certificate of Service

1. I hereby certify that on September 25, 2013, I electronically filed this document with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

2. I further certify that some of the participants in the case are not CM/ECF users. I have mailed this document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

ANTONIO FRAUSTO #22709-047
FCI MILAN
POST OFFICE BOX 1000
MILAN MICHIGAN 48160


s/Curtis L. Blood